Mr. Joseph F. Dolan Executive Director Department of Revenue 1375 Sherman Street Denver, Colorado 80203
Dear Mr. Dolan:
This is in reply to your letter of February 4, 1977 wherein you request that this office review an opinion of the Attorney General dated December 15, 1967, written by John E. Bush.
QUESTION PRESENTED AND CONCLUSION
Is Attorney General Bush's December 15, 1967 opinion authorizing the Department of Revenue to provide the Director of the State Department of Public Welfare with the addresses of deserting parents from the tax records filed in the Department of Revenue still controlling?
My conclusion is "no."
ANALYSIS
In the referenced opinion, the Attorney General informed Mr. John H. Heckers, then Director of the Department of Revenue, that the Department was authorized to provide the Director of the State Department of Public Welfare with the addresses of deserting parents from the tax records filed in the Department of Revenue pursuant to the specific authority granted in C.R.S. 1963, 119-1-8(5). The opinion concluded that the tax confidentiality statute, C.R.S. 1963, 138-9-12(2)(a) was not controlling as the direction to provide the information came within the provision ". . . or as otherwise provided by law . . . ."
Since the opinion of December 15, 1967 was issued, Article 1 of Chapter 119, Colorado Revised Statutes has been repealed and reenacted with amendments. (House Bill 1003, Session Laws of Colorado, 1973, pages 1160-1226) This bill became effective July 1, 1974. Pertinently, C.R.S. 1963, 119-1-11 of House Bill 1003, now C.R.S. 1973, 26-1-112(3)(a), which has not been amended since enactment, reads, in part, as follows:
 26-1-112(3)(a) All departments and agencies of the state and local government shall cooperate in the location of parents who have abandoned or deserted children, . . . and on request of the county board, of the county director, of the state department, or of the district attorney of any district in this state shall supply all information on hand relative to location, employment, income, and property of such absent parents, notwithstanding any other provision of law making such information confidential except the laws pertaining to confidentiality of any tax returns filed pursuant to law with the department of revenue . . . .
Similarly, C.R.S. 1973, 26-1-112(3)(b), reads, as follows:
 (b) Nothing in this subsection (3) shall be construed to compel the disclosure of information relating to a deserting parent . . . if such information is required to be kept confidential by the federal law or regulations relating to such programs or to compel the disclosure of any information disclosed in any document, report, or return made confidential by section 39-21-113, C.R.S. 1973.
SUMMARY
In view of the quoted statutes, which specifically except the release and disclosure of tax information protected from disclosure pursuant to C.R.S. 1973, 39-21-113, the opinion of December 15, 1967, written by Mr. Bush, is no longer controlling and should not be followed.
I trust that the above answers your inquiry.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE OPEN RECORDS PRIVILEGED INFORMATION
C.R.S. 1973, 26-1-112(3)(a) and (b) C.R.S. 1973, 39-21-113
REVENUE, DEPT. OF Taxation, Div. of SOCIAL SERVICES, DEPT. OF
Effective July 1, 1974 the department of revenue was not authorized to release to the Department of Public Welfare confidential tax records pertaining to addresses of parents who have deserted children. Earlier attorney general opinion to contrary is no longer in effect.